UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:25-CR-32 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW CLAY DEVINNEY | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY MATERIAL

The Court should deny Defendant's Motion to Compel Provision of Copy of Discovery Material (Doc. No. 23) for two reasons. First, the United States has fulfilled its obligation under Title 18, United States Code, Section 3509(m)(2)(B), to make the extractions of Defendant's electronic devices "reasonably available" to the defense team and continues to provide "ample opportunity for inspection, viewing, and examination at a Government facility," and the statute otherwise prohibits the Government from producing material that constitutes child pornography to the defense in discovery. Second, neither § 3509(m), nor the Federal Rules of Criminal Procedure, impose an obligation on the United States to create sanitized or redacted versions of documents that contain contraband child pornography images. The Court therefore must deny Defendant's Motion.

The Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act") requires that any property or material that constitutes child pornography, as defined by 18 U.S.C. § 2256, remain in the care, custody, and control of the Government or the court. 18 U.S.C. § 3509(m). Additionally, notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court in any criminal proceeding must deny a defendant's request to copy, photography, duplicate, or otherwise

Page **1** of **6**

reproduce any property or material that constitutes child pornography, so long as the Government makes the property or material reasonably available to the defendant. Material is deemed to be "reasonably available to the defendant if the Government provides *ample opportunity for inspection, viewing, and examination at a Government facility of the property or material* by the defendant[.]" 18 U.S.C. § 3509(m)(2)(B) (emphasis added).

The Adam Walsh Act requires the Court to deny defense discovery requests for child pornography materials, even when reviewing such evidence at a government facility is difficult or inconvenient. *United States v. Jarman*, 687 F.3d 269, 271 (5th Cir. 2012) ("We … emphasize that to the extent that the district court equated inconvenience to the expert or complexity of the care with a failure to make child pornography evidence reasonably available, we reject such rationale."); *United States v. Mitchell*, 725 F.App'x 544, 545 (9th Cir. 2018) (holding Government made material reasonably accessible despite expert's claim that conducting forensic examination at the government facilities was impractical); *United States v. Battaglia*, No. 5:07-cr-55, 2007 WL 1831108, at *4-6 (N.D. Ohio, June 25, 2007) (finding that the time restrictions, inconvenience, and expense associated with multiple trips to inspect child pornography evidence at an offsite location "do not amount to deprivation of an 'ample opportunity' to view, examine, or inspect the material.").

The electronic material that Defendant seeks in his motion is permeated with child pornography. Since 2019, Defendant and his partner, Starla Stamey, shared, produced, and possessed child pornography across two cellphones, one tablet, and five online accounts. The Government has identified at least 1,900 *unique* files depicting child pornography across these devices. In addition to the devices known by the Government to contain child pornography, the FBI is also in possession of 17 additional physical electronic devices, 13 SD cards, two hard drives,

one tablet, and one laptop belonging to Defendant and his partner, Stamey. In total, these items constitute approximately 3.29 terabytes of data. But the Government has not identified every image of child pornography within the seized media—Defendant's and Stamey's production, collection, and sharing of such materials was so extensive that a complete inventory of their criminal conduct is not reasonably possible with existing manpower resources.

The Defendant's request to turn over a redacted copy of the seized electronic evidence is unreasonable because the Government cannot guarantee that a data production would not contain child pornography. The FBI has advised that images, videos, and associated data may not be stripped from the extractions solely by redacting the images identified so far. Disclosure of the devices' extractions to Defendant could, and likely would, amount to the duplication and distribution of child pornography. Images, videos, and data could be contained within an extraction or report of an extraction, within compound files, media databases, or other locations. Given the volume of data being requested by Defendant, the FBI has advised that there is no way to guarantee the sanitization of the extractions without going through them in a file-by-file manner because some files may be encrypted, embedded within other files, or not accurately identified or categorized by the forensic examiner's tools. The FBI estimates that such an endeavor could take upwards of 2.73 years.[1]

The Government has made the digital materials reasonably available to the Defendant as required by statute. The materials have been available for the defense team to review since early June 2025 at their choice of three different locations: the Hickory Police Department, the FBI

---

[1] This estimate is based on a conservative calculation of 3 million forensic artifacts being reviewed at 30 seconds per artifact, resulting in a little over 1,000 days (2.739 years) of review. This estimate does not account for challenges presented by encrypted containers and deliberately hidden files, both of which are present in this case.

office in Asheville, or the FBI office in Hickory. FBI Task Force Officer Mat Rogers, the Government's forensic examiner, offered to make himself available for any questions from the defense team concerning his work in the case. To date, no one from the defense team has attempted to review the protected discovery materials.

Neither the Adam Walsh Act nor Rule 16 require the Government to engage in extensive redaction for the convenience of the defense team. *See United States v. Neuhard*, No. 15-cr-20425, 2016 WL 6871454, at *3 (E.D. Mich. Nov. 22, 2016) (declining to "order the Government to transform child pornography … through some exercise in creative redaction."); *United States v. Healey*, 860 F. Supp. 2d 262, 270 n.40 (S.D.N.Y. 2012) (noting that "the Government is not required to create a document to respond to a defense request for discovery" in a case involving child pornography)(citation omitted); *United States v. Cameron*, 672 F. Supp. 2d 133, 141 (D. Me. 2009), *amended* (Nov. 30, 2009) (holding that the government did not have an obligation to remove child pornography and produce the non-illicit photos from an album); *United States v. Thielemann*, 575 F.3d 265, 269 & n.5 (3d Cir. 2009) (deeming a defendant's request to "compel production of a copy of his computer's entire hard drive" which contained some contraband files to have "no merit."). The Adam Walsh Act requires the Government to maintain custody of any child pornography materials and make it reasonably available for inspection; it does not obligate the Government to create additional work product. *See also United States v. Mayer*, No. 19-cr-96, 2020 WL 814187 at *6 (D. Minn. Feb. 19, 2020) (holding that the government is required to permit defense inspection and copying of non-contraband data from a defendant's phones but is not required to make the copies or bear the expense).

This District has denied similar motions in the past. *See United States v. Ellis*, No. 3:21-cr-159-FDW-DCK, 2022 WL 17811968 at *1 (W.D.N.C. Dec. 19, 2022) (affirming Magistrate

Judge's order denying defendant's motion for discovery of a Cellebrite UFED reader report of the data extracted from a smartphone allegedly found in the defendant's possession, despite defense's argument that there were only seven images of child pornography); *Kramer v. United States*, No. 3:14-cv-613-RJC, 2016 WL 55290 at *3 (W.D.N.C. Jan. 5, 2016) (denying the defendant's § 2255 claim that his attorney failed to demand copies of the evidence against him, stating "[i]n any criminal proceeding, any property or material that constitutes child pornography … shall remain in the care, custody, and control of either the Government or the Court.").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Compel Provision of Copy of Discovery Material.

Respectfully submitted, this the 22nd day of August 2025.

        RUSS FERGUSON
        UNITED STATES ATTORNEY

        /s/ Alexis I. Solheim
        Alexis I. Solheim
        Assistant United States Attorney
        NC Bar #46417
        100 Otis St., Room 233
        Asheville, North Carolina 28801
        (828) 271-4661
        E-mail:   alexis.solheim@usdoj.gov

## CERTIFICATION

The undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in Westlaw, the legal research platform used to research this filing;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 22nd day of August 2025.

/s/ Alexis Solheim
Assistant United States Attorney