IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:25-cr-00032-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **ANDREW CLAY DEVINNEY** and ) <br> **STARLA PAIGE STAMEY,** ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Starla Paige Stamey's Unopposed Motion to Continue Trial Date and Rule 12(b)(1)-(3) Motions Deadline [Doc. 25], and on Defendant Andrew Clay DeVinney's Motion to Extend Motions Deadline [Doc. 26] and Motion to Continue [Doc. 27].

On June 3, 2025, the Defendants were charged in a Bill of Indictment with various child pornography and sexual exploitation offenses in violation of 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2. [Doc. 1]. On June 6, 2025, Defendant Stamey's initial appearance was held, at which time the Magistrate Judge appointed counsel. On June 11, 2025, Defendant Stamey's arraignment

was held, at which time the Magistrate Judge calendared the case to the June 30, 2025 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to its current setting during the September 2, 2025 trial term. On June 18, 2025, Defendant DeVinney's initial appearance and arraignment were held, at which time the Magistrate Judge appointed counsel and calendared the case to the June 30, 2025 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to its current setting during the September 2, 2025 trial term. On July 17, 2025, counsel for Defendant DeVinney filed a Motion to Compel Provision of Copy of Discovery Material that is pending before the Magistrate Judge. [Doc. 23].

The Defendants now seek a continuance of the trial date. [Docs. 25, 27]. For grounds, counsel for the Defendants state that additional time is needed to review discovery, which consists of over 12,000 pages of documents and numerous recordings, as well as to conduct further investigation, consult with the Defendants, and conduct plea negotiations with the Government. [Doc. 25 at 2; Doc. 27 at 1-2]. Counsel for the Defendants also state that additional time is needed to conduct necessary research to determine whether pretrial motions are appropriate. [Doc. 25 at 2; Doc. 26 at 2]. Counsel for Defendant DeVinney also states that additional time is needed because counsel's funding request for a digital records expert

2

is pending in the court of appeals. [Doc. 27 at 1]. Counsel for the Defendants further represent that the Government does not oppose the requested continuance. [Doc. 25 at 2; Doc. 27 at 2].

The Court finds that the case should be continued. If the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Further, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice. See id. § 3161(h)(7)(B)(i).

Moreover, the Speedy Trial Act excludes from the time within which a defendant must be brought to trial "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Id. § 3161(h)(1)(D). The Speedy Trial Act further excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court." Id. § 3161(h)(1)(H). Here, Defendant DeVinney's Motion to Compel is currently pending with the Magistrate Judge, no hearing on the motion is currently scheduled. Under these circumstances, the Court finds that a failure to

continue the case would result in a miscarriage of justice. See id. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See id. § 3161(h)(7)(A).

With respect to the Defendants' motions requesting an extension of the pretrial motions deadline, the Court finds for the reasons stated in the motions, and for good cause shown, sufficient grounds to grant an extension of the pretrial motions deadline to September 15, 2025.

**IT IS, THEREFORE, ORDERED** that the Defendant Stamey's Unopposed Motion to Continue Trial Date [Doc. 25], and Defendant DeVinney's Motion to Extend Motions Deadline [Doc. 26] and Motion to Continue [Doc. 27], are **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the September 2, 2025 trial term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendants' pretrial motions deadline is hereby **EXTENDED** to September 15, 2025.

**IT IS SO ORDERED.**

Signed: August 25, 2025

Martin Reidinger
Chief United States District Judge