# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:25-cr-00032-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANDREW CLAY DEVINNEY and | ) | |
| STARLA PAIGE STAMEY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Starla Paige Stamey's Unopposed Motion to Continue Trial Date and Rule 12(b)(1)-(3) Motions Deadline [Doc. 40], and on Defendant Andrew Clay DeVinney's Motion to Continue [Doc. 38] and Motion to Extend Motions Deadline [Doc. 39].

On June 3, 2025, the Defendants were charged in a Bill of Indictment with various child pornography and sexual exploitation offenses in violation of 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2. [Doc. 1]. On June 6, 2025, Defendant Stamey's initial appearance was held, at which time the Court appointed counsel. On June 11, 2025, Defendant Stamey's arraignment was held, at

which time the Court calendared the case to the June 30, 2025 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to its current setting during the September 2, 2025 trial term. On June 18, 2025, Defendant DeVinney's initial appearance and arraignment were held, at which time the Court appointed counsel and calendared the case to the June 30, 2025 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the September 2, 2025 trial term. Upon motions of the Defendants, the Court continued the case to its current setting during the November 3, 2025 trial term. [Doc. 29].

The Defendants now seek a continuance of the trial date. [Docs. 38, 40]. For grounds, counsel for the Defendants state that additional time is needed to review discovery, which consists of nearly 22,000 pages of documents and numerous recordings, as well as to consult with the Defendants and conduct plea negotiations with the Government. [Id.]. Counsel for the Defendants also state that additional time is needed to conduct necessary research to determine whether pretrial motions are appropriate. [Id.]. Counsel for the Defendants further represent that the Government does not oppose the requested continuance. [Id.].

The Court finds that the case should be continued. If the requested continuance were not granted, the Court finds that counsel would be denied

"the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Further, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice. See id. § 3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See id. § 3161(h)(7)(A).

With respect to the Defendants' requests to extend the pretrial motions deadline, the Court finds, for the reasons stated in the Defendants' motions, and for good cause shown, sufficient grounds to grant an extension of the pretrial motions deadline to November 18, 2025.

**IT IS, THEREFORE, ORDERED** that Defendant Stamey's Unopposed Motion to Continue Trial Date and Rule 12(b)(1)-(3) Motions Deadline [Doc. 40], and Defendant DeVinney's Motion to Continue [Doc. 38] and Motion to Extend Motions Deadline [Doc. 39], are **GRANTED**, and the above-captioned case is hereby **CONTINUED** from the November 3, 2025 trial term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendants' pretrial motions deadline is hereby **EXTENDED** to November 18, 2025.

**IT IS SO ORDERED.**

Signed: October 24, 2025

W. Carleton Metcalf
United States Magistrate Judge